JUDGE PETERS
delivered the opihtoh or the court.
This action with an attachment was brought by appellants against the Mobile and Ohio Railroad Company to enforce the collection of three bonds of the company with the unpaid interest thereon, and several persons, employees of the company, were summoned as garnishees.
The ground for the attachment stated in the affidavit is that the Mobile and Ohio Railroad Company is a foreign corporation.
In its answer the Mobile and Ohio Railroad Company does not deny its indebtedness to the appellants as set forth in the petition, nor controvert their right to a personal judgment for the amount claimed; but it does deny and controvert their right to subject the property attached to the payment thereof; because, as it alleges, all its property, including all its lands, road-bed, iron, cars, engines, and all fixtures belonging or incident to said road,- had been conveyed, by a deed executed on the 1st of November, 1853, by said corporation to certain trustees therein named, to secure the payment of certain bonds issued by it, amounting in the aggregate to about six millions of dollars; and that it was therein stipulated that the other assets of the corporation, real estate, tolls, or income, were to remain in its. possession until it made default in payment of the interest on the bonds or of the bonds themselves.
• That on the 15th .of. February, 1860, appellee executed a second mortgage on all the property embraced in the first to certain trustees therein named to secure the payment of five *119 hundred thousand dollars, for which bonds of the company were issued in pursuance of a resolution of the board of directors of said company passed June 8, 1857, and also for one million of dollars under a resolution of said board of directors passed 2d of February, 1860; which mortgages, it is alleged, the appellee was authorized by the act of incorporation to make and execute; copies of which are filed as parts of the answer, and seem to have been properly registered.
It is averred in the answer that appellee has failed to pay the interest on its bonds aforesaid, both on those secured by the first and second mortgages, and that it is owing the whole of the principal and much the larger portion of’the interest on said bonds; that appellants had attached the income and earnings of appellee in the hands of its agents, which it could not lawfully do; and, after making the trustees in said mortgages parties, prays that the attachment may be discharged. From an examination of appellants’ bonds filed as the foundation of the action and the second mortgage, they appear to be a part of the bonds that mortgage was executed to secure, although it is not expressly so alleged in the answer.
An affidavit was filed controverting the ground of attachment, and on final hearing a personal judgment was rendered against appellee for the debt; but the attachment was discharged, and of that part of the judgment appellants now complain.
The garnishees seem to have answered and denied that they had any money or effects in their hands belonging to said company, or more than would indemnify them for the sums the company owed them. Subsequently the appellants obtained a rule against Ferguson and Miller, two of the garnishees, requiring a fuller and more extended detail in their answer of their business transactions with the company. In their amended answers under said rule Ferguson denied that he had any money, property, of éffects belonging to said *120 company in his hands whatever; and "Miller denied, that he had any more than would pay him the amount due him and defray the current daily expenses of the road at the station where he was located.
Appellants on the trial moved the court to have sworn and examined a witness by whom they avowed they could prove that Miller and Troy, two of the employees of the appellee, had each received as earnings of the road and for appellee the sum of one hundred and twenty-five dollars per day from the date of the service of the summons on them to that time. Their motion was overruled, to which they excepted, and now make that ruling of the court the first ground of complaint here. But as that may be regarded as subordinate to a question affecting more vitally the rights of the parties, its consideration will be for the present postponed.
It is claimed for appellants that appellee was by an act of the Legislature of the state of Alabama created a corporate body, endued with all the powers and capacities necessary to effectuate the objects and purposes of its creation, including the power to accept from the Legislature of Kentucky the right to extend its road through the territory of said state to its proposed terminus on the Ohio or Mississippi River, and all other rights and privileges necessary for completing, operating, and enjoying the benefits of said road, and which the legislature could confer; and that the whole purpose and intention of the Legislature of Kentucky in passing the act approved 26th of February, 1848, entitled “An act to authorize the Mobile and Ohio Railroad Company to extend their railroad from the south boundary line of the state of Kentucky to the Mississippi or Ohio River” (Session Acts, 1847-8, pages 344-5), were to grant the rights and privileges in the act enumerated to the corporation created by the Legislature of Alabama and not to create a new company; and that no new nor separate corporation was created by said act.
*121 - On the other hand, it is contended that the legal entity or person which exists by force of law can have no existence beyond the limits of the state or sovereignty which brings it into life and endues it with its faculties and powers; that the Legislature of Alabama could not confer on appellee a corporate existence in this state, and consequently could confer on it no right to exercise any powers here; but that all the powers it could exercise here must be under a grant from the legislature of this state; and that the act of the legislature granting certain enumerated powers to appellee was an act incorporating it as a new company under the same name and style it bore by the act of the Alabama Legislature, and therefore it is a domestic corporation. The correctness of that position we proceed now to examine.
The act of the Legislature of Kentucky, supra, certainly does not, in express terms, create a corporation, nor intimate in any part of it that such an object was contemplated by the legislature. It contains but two sections. The first authorizes the Mobile and Ohio Railroad Company to make the necessary reconnoissance and survey for the purpose of ascertaining the most eligible route for extending their road to any point on. the Mississippi or Ohio Liver in this state; and the second confers on it the right of extending the road through the state; and further, that it shall be entitled to all privileges, •rights, and immunities, and subject to all. such restrictions as are granted, made, and prescribed for the benefit, government, and direction of said company, as is conferred on it by the act of incorporation passed by the Legislature of Alabama.
The title of the act indicates a purpose only to grant certain privileges to appellee, not to create a new company, and the act contains none of the formal and special provisions essential to the creation of a corporation. But it is said that the privileges conferred by said act can not be exercised by the foreign corporation within the limits of this state unless it *122 be construed as creating anew the corporation, and we are referred to the case of Ohio and Mississippi Railroad Co. v. Wheeler, 1 Black S. C. U. S. Rep. 295.
In that case appellants brought their action in the Circuit Court of the United States,, and alleged that they were a corporation created by the laws of the states of Indiana and Ohio, having its principal place of business in Cincinnati, Ohio; that the corporation was a citizen of Ohio, and the defendant was a citizen of the state of Indiana.
. The defendant pleaded to the jurisdiction of the court, averring that he was a citizen of the state of Indiana, and that the plaintiffs were a body politic and corporate, created and existing by virtue of an act of the General Assembly of the same state.
To this plea there was a demurrer, and the judges, being divided in opinion on the question of jurisdiction, ordered their division of opinion to be certified to the Supreme Court of the United States; and that court decided upon the facts pleaded that as the plaintiffs had been incorporated by an act of the Legislature of the state of Indiana, and the defendant was a citizen of the same state, the circuit court had no jurisdiction.
That, as is obvious, is not the question here. Appellants deny in this case that appellee was ever incorporated in this state, and in that position they are sustained by this court. But it is contended in argument that even if the powers were granted to appellee to procure from the Legislature of Kentucky the right to extend its road through the state, and the power to do all things necessary to effect the completion of the road to its proposed terminus, still that a corporation, from the very nature of its being, can have no authority to contract out of the limits of the state; that the laws of a state can have no extra territorial operation; and as a corporation is the mere creature of a state it can have no existence *123 beyond the limits in which that law operates; it is necessarily incapable of exercising any powers where it can not exist.
In Bank of Augusta v. Earle, 13 Peters’s Reports, 584, it is said: “ It is very true that a corporation can have no legal existence out of the boundaries of the sovereignty by which it is created. It exists only in contemplation of law, and by force of the law, and where that law ceases to operate and is no longer obligatory the corporation can have no existence. It must dwell in the place of its creation and can not migrate to another sovereignty. But although it must live and have its being in that state only, yet it does not by any means follow that its existence there will "not be recognized in other places; and its residence in one state creates no insuperable objection to its power of contracting in another. It is indeed a mere artificial being, invisible and intangible; yet it is a person for certain purposes in contemplation of law, and has been so recognized in the case of the United States v. Amedy, 11 Wheat. 412; and in Beaston v. The Farmers Bank of Delaware, 12 Pet. 135. It is sufficient that its existence as an artificial person in the state of its creation is acknowledged and recognized by the law of the nation where the dealing takes place, and that it is permitted by tjie laws of that place to exercise there the powers with which it is endowed. Every power, however, of the description of which we are speaking which a corporation exercises in another state depends for its validity upon the laws of the sovereignty in which it is exercised.”
As we have already seen, this state by its legislature has conferred the authority on appellee to exercise certain powers. It may exercise those powers as a corporation of another state. But although appellee must be regarded as a foreign corporation, it may not follow that appellants’ attachments were improperly discharged. By the act of the legislature of Kentucky, supra, all the privileges and immunities were conferred. upon it in this state that it had granted to it in the state of *124 Alabama. It doubtless could sue and be sued, contract and be contracted with, lawfully in the state that created it, and was not subject to have its property and effects attacked for mere failure to pay its liabilities, and unless it was so subject there it can not be here, notwithstanding the provision of the Civil Code on that subject, adopted since the passage of the aet, supra. The Code does not, in terms, apply to nor profess to divest rights previously granted.
Besides, the property attached had been previously mortgaged to pay certain debts outstanding, of which those of appellants appear to be a part, and they could not appropriate the mortgaged property to the payment of their debts Avitbout alleging that the residue of the debts secured had been paid, and bringing the trustees or legal title-holders before the court.
Wherefore tbe judgment must be affirmed.